IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01387-WJM-MDB

JUNIPER MCGINN,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO, *et al.*,

    Defendants.

---

**RESPONSE TO MOTION TO STAY DISCOVERY**

---

Plaintiff, by and through undersigned counsel, hereby files this Response to Defendants' Motion to Stay Discovery, [Doc. #36], and states in support as follows:

1. **INTRODUCTION**

Defendants seek to deprive Plaintiff of her ability to effectively vindicate her Constitutional and statutory rights before memories fade, witnesses scatter, and documents are lost. They do so exclusively on a motion to dismiss that invokes qualified immunity for some Defendants on some claims. Simply put, the invocation of qualified immunity alone is an insufficient basis for staying discovery. And, it is particularly insufficient when a large number of the claims in the case are not subject to qualified immunity.[1] Because, for the reasons below, Defendants cannot show that any

---

[1] One of the Defendants in this case, El Paso County, cannot claim qualified immunity. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) ("The [qualified immunity] defense is available only to individual government officials, not governmental entities"); *Hulse v. Adams Cnty., Colorado*, No. 14-CV-02531-RM-NYW, 2015 U.S. Dist. LEXIS 49027, *3 (D. Colo. Apr. 14, 2015) ("Because the doctrine of qualified immunity is not applicable to Plaintiffs' municipal liability and official capacity claims and because the filing of a motion to dismiss does not by itself constitute 'good cause' to stay discovery, the court declines to exercise its discretion to stay discovery of Plaintiffs' municipal liability and official capacity claims.") (internal citations omitted). Further, Plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act are not subject to the defense of qualified immunity.

1

burdens in continuing with discovery will outweigh Plaintiff's right to proceed in this matter, Defendants have not established that they are entitled to a protective order staying discovery.

2. **LEGAL STANDARD**

"In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that the right to proceed in court should not be denied except under the most extreme circumstances." *JTS Choice Enters. v. E.I. Dupont De Nemours & C.*, 2012 U.S. Dist. LEXIS 25858, at *2-3 (D. Colo. Feb. 29, 2012) (Martinez, J.) (internal citation and quotation marks omitted). For this reason, "stays are generally disfavored in this district." *Id.* at *3. The Federal Rules of Civil Procedure do not provide for a stay of proceedings while a motion for summary judgment is pending. *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *2. Instead, Defendants must show good cause for the issuance of a protective order under Fed. R. Civ. P. 26(c): that such an order is necessary to protect them from annoyance, embarrassment, oppression, or undue burden or expense. Defendants "cannot sustain that burden by offering simply conclusory statements," but rather must support their request for a stay with a "particular and specific demonstration of fact." *Id.* (citation omitted). "The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Breckenridge v. Vargo & Janson, P.C.*, 2016 U.S. Dist. LEXIS 168543, at *3-4 (D. Colo. Nov. 28, 2016).

3. **ARGUMENT**

    3.1 **As a matter of law, asserting a qualified immunity defense is not an automatic ticket to delay the entirety of the case.**

Giving credence to Defendants' arguments would be akin to establishing a rule that the invocation of qualified immunity by *some* defendants entitles **all** defendants to a stay on **all** discovery. That is simply not the rule in this District or Circuit.[2] Conversely, "[i]t is well settled in

---

[2] The Supreme Court has never addressed the propriety of granting a stay of discovery while a motion to dismiss based on qualified immunity is pending. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574

2

this District that the invocation of qualified immunity is not a bar to all discovery." *Kaufman v. Univ. of Colo. at Boulder*, Civil Action No. 15-cv-00406-LTB-NYW, 2015 U.S. Dist. LEXIS 106079, at *5 (D. Colo. Aug. 12, 2015).[3] In a case like this one, "[a] blanket stay of discovery is unwarranted and unsupportable under *Rome*." *Johnson v. Santini*, 2014 U.S. Dist. LEXIS 156700, at *4 (D. Colo. Nov. 4, 2014) (Boland, J.) (citing *Rome*, 225 F.R.D. at 643-44).

As an initial matter, qualified immunity provides <u>no basis</u> to stay discovery relevant to Plaintiff's *Monell* claims. *See Rome*, 225 F.R.D. at 644 ("First, the Court notes that the motion is made on behalf of all of the Defendants, including the Denver Police Department and the City and County of Denver. These two entities are not permitted to assert a defense of qualified immunity, and, therefore, are not entitled to a stay of discovery on the claims against them."). It also provides no basis for staying discovery as to Plaintiff's claims under the ADA and Rehab Act, which are not subject to the qualified immunity defense.

Importantly, Plaintiff's claims that are not subject to qualified immunity "share a common core of facts" with Plaintiff's claims that are subject to the qualified immunity defense. *See Kaufman*, 2015 U.S. Dist. LEXIS 106079, at *6. For example, the first question in a *Monell* claim is whether an Individual Defendant violated the Constitution and this issue is the exact same as the claims against

---

(1998) (rejecting a heightened burden on a plaintiff facing a summary judgment motion based on a qualified immunity defense); *Behrens v. Pelletier*, 516 U.S. 299 (1996) (addressing finality and jurisdiction over an appeal from a qualified immunity decision); *Elder v. Holloway*, 510 U.S. 510 (1994) (addressing review of a qualified immunity decision); *Siegert v. Gilley*, 500 U.S. 226 (1991) (holding the plaintiff failed to state a claim for a constitutional violation); *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (addressing whether a ruling on qualified immunity is immediately appealable and whether the lower court correctly decided an issue of qualified immunity); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (establishing the qualified immunity defense). The Tenth Circuit has also never held that the mere assertion of qualified immunity automatically entitles a defendant to a stay of discovery. *Cf. Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (holding that the district court did not abuse its discretion in staying discovery on assertion of qualified immunity).
[3] *See, e.g.*, *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 U.S. Dist. LEXIS 15054, at *6 (D. Colo. Mar. 2, 2007).; *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304, at *4-5 (D. Colo., Aug. 14, 2006).

the Individual Defendants. Additionally, Plaintiff's claims under the ADA and Rehab Act present extremely similar legal questions that require discovery related to the same incidents that underlie Plaintiff's Constitutional claims. Accordingly, there is no effective way for Plaintiff to conduct full discovery with respect to her claims not subject to qualified immunity– *as she is presumptively entitled to do* – without submitting written discovery requests to (and deposing) the Individual Defendants. Thus, discovery should proceed unhindered and without further delay. *Id.*, at *6.

### 3.1.1 SCOTUS and Tenth Circuit precedent does not support issuance of a stay.

The Supreme Court of the United States has never addressed the propriety of granting a stay of discovery while a motion for summary judgment based on qualified immunity is pending. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574 (1998) (rejecting a heightened burden on a plaintiff facing a summary judgment motion based on a qualified immunity defense); *Elder v. Holloway*, 510 U.S. 510 (1994) (addressing review of a qualified immunity decision); *Siegert v. Gilley*, 500 U.S. 226 (1991) (holding the plaintiff failed to state a claim for a constitutional violation); *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (addressing whether a ruling on qualified immunity is immediately appealable and whether the lower court correctly decided an issue of qualified immunity); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (establishing the qualified immunity defense). And, the Tenth Circuit has also never held that the mere assertion of qualified immunity automatically entitles a defendant to a stay of discovery. *Cf. Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (holding that the district court did not abuse its discretion in staying discovery on assertion of qualified immunity).

Supreme Court precedent does not hold, nor imply, that discovery should be stayed every time an individual defendant invokes qualified immunity, and certainly not blanketly stayed when only a few defendants invoke qualified immunity. *See Crawford-El,* 523 U.S. at 585 (noting that "[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding"). Instead, the Supreme Court acknowledged that qualified immunity is meant

4

to protect officials from "disruptive discovery." *Iqbal*, 556 U.S. at 685. What is "disruptive discovery"? Well, in *Harlow*, the Supreme Court described "disruptive discovery" as discovery that involves deposing numerous persons, including an official's professional colleagues, and which would likely delve into traditionally protected areas, such as deliberation preparatory to the formulation of government policy. 457 U.S. at 817, n. 29. Clearly, this is not the type of discovery that is being sought in this simple, straightforward Section 1983 case.

### 3.1.2 A growing chorus of judges in this District have held that Defendants' advocated reading of *Iqbal* is flawed and does not support issuance of a stay.

Multiple District Court judges in this District have recently held that blanket stays on discovery are inappropriate even if some individual defendants have invoked qualified immunity. That progeny of caselaw stems from *Rome*. 225 F.R.D. at 640. For example, in *Moses-EL v. City and County of Denver*, Judge Krieger stated:

> Although the Court is mindful of the discussion in *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), regarding the necessity to shield the individual Defendants from the indirect burdens of discovery, this Court does not read that case to automatically entitle entities—who are not entitled to qualified immunity—to the same broad protection agaisnt [sic] discovery that individuals asserting qualified immunity have. This is particularly so as, here, Denver has not asserted that the Plaintiffs have even served any discovery requests yet, much less demonstrated that such requests unduly burden the individual Defendants. The Court can conceive of many topics of discovery that can be sought from Denver without implicating the individual Defendants' interests, including the identification and production of City policy statements, manuals, training materials, personnel records, correspondence and information not involving the individual Defendants, and information relating to comparable cases involving similarly-situated individuals.
>
> Accordingly, the Court cannot say that a wholesale, derivative stay of discovery against Denver is proper, and the Court overrules Denver's Objections. Denver may, of course, challenge the appropriateness of a specific discovery request if it believes that such a request compromises the individual Defendants' immunity from discovery (as discussed in *Iqbal*). But to the extent that Denver contends that it is automatically and completely entitled to piggyback on the individuals' immunities from discovery, the Court finds that argument without merit.

No. 17-cv-03018-MSK-MJW, [Doc. #93] (D. Colo. July 16, 2018); *see also see also Vaughn v. Rhea*, Civil Action No. 04-cv-01002-MSK-CBS, 2006 U.S. Dist. LEXIS 24815, at *1 (D. Colo. Apr. 12, 2006).

Judge Brimmer has noted that "qualified immunity does not provide a broad protection against all discovery" in holding, on similar grounds to Judge Krieger in *Moses-El*, that a magistrate judge properly denied a motion to stay based on the invocation of qualified immunity. *Wanstall v. Armijo*, Civil Action No. 13-cv-02789-PAB-BNB, 2014 U.S. Dist. LEXIS 130281, at *6-9 (D. Colo. Sep. 16, 2014). Magistrate Judge Wang has followed this reasoning. *Ronquillo v. City & Cnty. of Denver*, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016) (holding that "qualified immunity does not protect an official from *all* discovery, but only from that which is 'broad-reaching'") (quoting *Crawford-El*, 523 U.S. at 593, n.14 (emphasis in original)). Judge Martinez recently issued multiple orders consistent with *Rome* and its progeny. *Estate of Bailey v. City of Colo. Springs*, Civil Action No. 20-cv-1600-WJM-KMT, 2020 U.S. Dist. LEXIS 214552 (D. Colo. Nov. 17, 2020); *Parmar v. City of Aurora*, Civil Action No. 20-cv-2801-WJM-NRN, 2021 U.S. Dist. LEXIS 81136 (D. Colo. Apr. 28, 2021). And, Magistrate Judge Neureiter has joined his colleagues in refuting broad assertions that *Iqbal*, and the invocation of qualified immunity, must stay all discovery. *Estate of McClain v. City of Aurora*, Civil Action No. 20-cv-02389-DDD-NRN, 2021 U.S. Dist. LEXIS 17099 (D. Colo. Jan. 29, 2021); *Love v. Grashorn*, Civil Action No. 21-cv-02502-RM-NRN, 2022 U.S. Dist. LEXIS 93199, at *8 (D. Colo. May 24, 2022).

Courts in this District are not alone in recognizing the flaws in Defendants' arguments here and have regularly denied stays in similar circumstances (against assertions that *Iqbal* requires a stay). *See, e.g., Saenz v. City of El Paso, Tex.*, 2015 U.S. Dist. LEXIS 102200, 2015 WL 4590309, at *2 (W.D. Tex. Jan. 26, 2015) (finding that neither "*Harlow* [nor] *Iqbal* . . . stand for the proposition that *all discovery* as to *all defendants* must be stayed pending a court's resolution of an assertion

6

of qualified immunity" (emphasis in original)); *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 U.S. Dist. LEXIS 26328, 2013 WL 690833, at *2 (S.D. Cal. Feb. 26, 2013); *Seeds of Peace Collective v. City of Pittsburgh*, No. 09-1275, 2010 U.S. Dist. LEXIS 76612, at *6-9 (W.D. Pa. July 28, 2010); *S.D. v. St. Johns Cty. Sch. Dist.*, No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 110198, at *3 (M.D. Fla. Nov. 24, 2009). For these reasons, this Court should not accept Defendants' assertion that the mere invocation of qualified immunity entitles them to a blanket stay of all discovery in this case.

      3.2 **This Court should employ a modified *String Cheese* analysis.**

Although the Tenth Circuit has not prescribed such, courts in this District have reflexively applied the test outlined by Magistrate Judge Coan in *String Cheese Incident, LLC v. Stylus Shows, Inc.* ("*String Cheese*"), in determining whether to stay discovery. 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006). The *String Cheese* test, which is not binding precedent, requires Defendants to establish that the balance of the following five interests tips in their favor: (1) Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Id.* at *4. The weight of these factors in the present case militates that discovery proceed.

That result is even more apparent when the court includes in its analysis an important consideration that is crucial to determining whether there is "good cause" for a discovery stay under Fed. R. Civ. P. 26(c), but was not addressed in *String Cheese*: likelihood of success of the motion to

7

dismiss.[4] A vast swath of jurisdictions[5] employ this "preliminary peek" approach, and this Court should follow these courts in holding that (prior to granting a discovery stay) the court should consider the likelihood of success of the pending motion to dismiss.[6]

Courts in this District have previously adopted this approach previously and this Court should do so again. *Love*, 2022 U.S. Dist. LEXIS 93199, at *8. In doing so, this Court would adopt an approach that better holds Defendants to their "burden of showing [immediate and clear possibility] and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

---

[4] The benefits of the preliminary peek approach are that is that it "allows judges to refine their balancing in a way that allows them to minimize the risk of unnecessary costs and burdens in any particular case" when "discovery is unlikely to prove wasteful and any risk is outweighed by the harms associated with delay." Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 Wake Forest L. Rev. 71, 88 (2012).

[5] *See, e.g., Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *Feldman*, 176 F.R.D. at 652; *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000); *Ameris Bank v. Russack*, 2014 U.S. Dist. LEXIS 73460, 2014 WL 2465203 at *1 (S.D. Ga. 2014); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 U.S. Dist. LEXIS 80216, 2008 WL 4544470 at *1 (M.D. Ga. 2008); *Great W. Cas. Co. v. Firstfleet, Inc.*, No. CA 12-00623-KD-N, 2013 U.S. Dist. LEXIS 92465, at *5 (S.D. Ala. July 2, 2013); *DRK Photo v. McGraw-Hill Cos., Inc.*, No. CV 12-8093-PCT-PGR, 2012 U.S. Dist. LEXIS 168101, at *4 (D. Ariz. Nov. 27, 2012); *Ceglia v. Zuckerberg*, No. 10-CV-569A(F), 2012 U.S. Dist. LEXIS 85633, at *5 (W.D.N.Y. June 20, 2012); *Money v. Health*, No. 3:11-cv-00800-LRH-WGC, 2012 U.S. Dist. LEXIS 49922, at *14-15 (D. Nev. Apr. 9, 2012); *Mlejnecky v. Olympus Imaging America, Inc.*, No. 10-2630 2011 U.S. Dist. LEXIS 16128, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011); *SP Frederica, LLC v. Glynn Cty.*, No. 2:15-cv-73, 2015 U.S. Dist. LEXIS 119310, at *7 (S.D. Ga. Sep. 8, 2015); *Suarez v. Beard*, No. 15-cv-05756-HSG, 2016 U.S. Dist. LEXIS 161222, at *3 (N.D. Cal. Nov. 21, 2016); *Bennett v. Fastenal Co.*, Civil Action No. 7:15-cv-00543, 2016 U.S. Dist. LEXIS 194431, at *2 (W.D. Va. Mar. 8, 2016); *Barber v. Remington Arms Co.*, No. CV 12-43-BU-DLC, 2012 U.S. Dist. LEXIS 146938, at *2 (D. Mont. Oct. 11, 2012); *United States ex rel. Jacobs v. CDS*, P.A., No. 4:14-cv-00301-BLW, 2015 U.S. Dist. LEXIS 117915, at *4 (D. Idaho Sep. 3, 2015); *Sams v. Ga W. Gate*, LLC, No. CV415-282, 2016 U.S. Dist. LEXIS 75974, at *15 (S.D. Ga. June 10, 2016); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 205650, at *7 (S.D. Fla. Dec. 14, 2017); *Minton v. Jenkins*, No. 5:10cv61/RH/EMT, 2011 U.S. Dist. LEXIS 55695, at *3 (N.D. Fla. May 24, 2011); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 2:14-cv-1455, 2015 U.S. Dist. LEXIS 132958, at *3 (W.D. Pa. Sep. 30, 2015).

[6] It is important to note that at least three courts in this District have utilized the preliminary peek framework without naming it as such. *See Waisanen v. Terracon Consultants, Inc.*, Civil Action No. 09-cv-01104-MSK-KMT, 2009 U.S. Dist. LEXIS 123427, at *3 (D. Colo. Dec. 22, 2009); *Sanaah v. Howell*, Civil Action No. 08-cv-02117-REB-KLM, 2009 U.S. Dist. LEXIS 35260, at *2 (D. Colo. Apr. 9, 2009).

### 3.3 **Applying the modified *String Cheese* factors confirms that discovery should proceed as to all Defendants.**

Considering the relevant interests involved and "[t]he strong presumption against stays," *Pandaw Am.,* 2012 U.S. Dist. LEXIS 704, at *6, Defendants have not met their heavy burden to show that the filing of a motion to dismiss constitutes "extreme circumstances" so as to justify a stay. *Robert W. Thomas*, 2012 U.S. Dist. LEXIS 114092, at *6-7.

#### 3.3.1 **Plaintiff's interest in proceeding expeditiously militates in favor of allowing discovery to proceed.**

Plaintiff is substantially prejudiced by a stay because "the memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *3. Granting Defendants' motion to stay "could delay the proceedings for an unknown period of time until there is a ruling on [the motion to dismiss] and . . . the delay would significantly impact and prejudice [Plaintiff's] right to pursue [her] case and vindicate [her] claim[s] expeditiously." *See String Cheese*, 2006 U.S. Dist. LEXIS 97388, at *6 (citation omitted). "[A] stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more." *Breckenridge*, 2016 U.S. Dist. LEXIS 168543, at *4. This Court should fully consider the prejudice that would be inflicted upon Plaintiff by delay if a stay is granted. *See Estate of McClain*, 2021 U.S. Dist. LEXIS 17099, at *12.

#### 3.3.2 **Allowing discovery to proceed does not unfairly burden Defendants.**

Defendants have shown no particularized facts that demonstrate they will suffer a clearly defined and serious harm associated with moving forward with discovery. "[W]here a movant seeks relief that would delay court proceedings by other litigants [it] must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Com. v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). "[A]bsent an

9

extraordinary or unique burden imposed by the discovery at issue," courts often find that "on balance, a consideration of the first two *String Cheese* factors weigh against the imposition of a stay." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 U.S. Dist. LEXIS 66948, at *4 (D. Colo. June 22, 2011). Defendants have not shown any "extraordinary or unique burden" supporting departure from that norm. *Id.* "The ordinary burdens with litigating a case do not constitute undue burden." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *3. Ultimately, the concerns raised by Defendants, which are based solely on the invocation of qualified immunity, are the type of "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, [that] do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).[7] And, at best, "[t]he first two factors cancel each other out as any burden on Defendants is countered by Plaintiff's interest in proceeding with this litigation." *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, Civil Action No. 16-cv-1084-WJM-NYW, 2016 U.S. Dist. LEXIS 185941, at *4 (D. Colo. Sep. 13, 2016); *Yeiser v. DG Retail, LLC*, Civil Action No. 18-cv-0320-WJM-STV, 2019 U.S. Dist. LEXIS 129554 (D. Colo. Aug. 2, 2019); *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *3.

### 3.3.3 Convenience to the Court, the public interest, and the interests of third parties are all served by allowing discovery to proceed.

The "convenience to the Court weighs against granting the stay as cases that linger on the Court's docket are more difficult to manage." *Bitco Gen. Ins. Corp.*, 2016 U.S. Dist. LEXIS 185941, at *4; *Yeiser*, 2019 U.S. Dist. LEXIS 129554, at *15; *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *3; *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *4. Simply put, a stay is not an efficient use of judicial resources because of the impact it has on a court's management of its docket. *A.A. v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 2872045, at *9-10 (D. Colo., July 12,

---

[7] *See also Marks*, 2017 U.S. Dist. LEXIS 16234, at *7 (holding that the moving party "must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection").

10

2012).

For similar reasons, a delay in court proceedings harms the public interest and the interests of other third parties who may be affected by this litigation. There is a "strong interest held by the public in general regarding the prompt and efficient handling of all litigation." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *5. Delay is "of social concern" because it "is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *4-5.

> The relation between case disposition time and civil justice goals is straightforward. . . . . Delays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them. Such factors, individually and collectively, undermine public faith and confidence in the ability of our civil justice system to operate efficiently and, more importantly, equitably.

Michael Heise Justice Delayed: *An Empirical Analysis of Civil Case Disposition Time*, 50 Cas. W. Res. L. Rev. 813, 814 (2000). Without confidence in our justice system, those who need the courts to vindicate their rights may not seek judicial remedies, thereby never receiving the relief to which they are entitled.

Other third-party individuals, as well as the public in general, plainly have a strong interest "in learning as soon as possible whether [Plaintiff's] allegations are true. *"V.S." v. Muhammad*, 2008 U.S. Dist. LEXIS 96099, at *10 (E.D.N.Y. Nov. 24, 2008). Resounding authority holds that "the public [has] an interest in assuring that institutions" such as Defendant El Paso County and its Sheriff "[were] operating within the bounds of the law." *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 U.S. Dist. LEXIS 33935, at *12-13 (D. Colo. Mar. 12, 2013). In other words, the public has the right to know whether Defendant El Paso County and the Individual Defendants are violating citizens' constitutional rights. *See A.A.*, 2012 U.S. Dist. LEXIS 96447, at *14 ("[T]he public interest is well served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials."). Because Plaintiff's allegations "call into question . . . the

competence and good faith" of public entities, the interests of third parties and the public in in quickly discovering the veracity of Plaintiff's allegations weigh against granting a stay. *See "V.S."*, 2008 U.S. Dist. LEXIS 96099, at *10. And, Plaintiff seeks injunctive relief, in the form of policy changes and training, which further tilts this factor in her favor. *See Estate of Reat v. Rodriguez*, No. 12-cv-02531-REB-MEH, 2013 U.S. Dist. LEXIS 14839, at *13 (D. Colo. Feb. 4, 2013) ("[A]ny delay in the prosecution of this case affects not only the parties, but all persons who may benefit from the proposed polic[y] changes Plaintiff hope[s] to accomplish.").

### 3.3.4 A preliminary peek reveals that Defendants' Motion To Dismiss does not have a likelihood of success.

This motion must be denied because "a review of the [m]otion to [d]ismiss reveal[s] that success on the merits of [a qualified immunity] defense is not assured." *Sanaah*, 2009 U.S. Dist. LEXIS 35260, at *3. "In assessing the propriety of a stay, [the] court must consider: whether the movant is likely to prevail in the related proceeding [and] whether, absent a stay, any party will suffer substantial or irreparable harm." *Waisanen*, 2009 U.S. Dist. LEXIS 123427, at *4 (citing *Landis*, 299 U.S. at 254). Without a preliminary showing that a qualified immunity defense is likely meritorious, any policy reasons for not subjecting Defendants to the burdens of discovery disappear. In this case, "both statistically and in consideration of the burden on the moving party, there is a substantial likelihood [Defendants] will not prevail on" their motion to dismiss. *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 U.S. Dist. LEXIS 101609, at *23 (D. Colo. Nov. 26, 2008).

Looking at the merits of this case, Plaintiff has strong claims against Defendants. First, Plaintiff has strong claims that her clearly established equal protection rights were violated by Defendants blatant discriminatory treatment of her as the Supreme Court has held that "it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex." *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1741

(2020). Second, Plaintiff has strong claims that her clearly established right to be free from unreasonable searches and seizures was violated by Defendants' search in accordance with long-established Tenth Circuit precedent, *Hayes v. Marriott*, 70 F.3d 1144, 1145 (10th Cir. 1995); *Shroff v. Spellman*, 604 F.3d 1179, 1191 (10th Cir. 2010), along with the weight of authority from other Circuits. *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011); *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994); *Moore v. Carwell*, 168 F.3d 234, 235 (5th Cir. 1999); *Cookish v. Powell*, 945 F.2d 441, 446 (1st Cir. 1991). Third, Plaintiff has strong claims that her clearly established right to privacy and bodily autonomy was violated by Defendants based on clear and on-point Tenth Circuit authority. *Colbruno v. Kessler*, 928 F.3d 1156, 1163-65 (10th Cir. 2019). Fourth, Plaintiff has alleged extremely strong claims against El Paso County itself, through her allegations that written policy directed the Individual Defendants to violate her rights, *Shain v. Ellison*, 273 F.3d 56, 64-65 (2d Cir. 2001); *Hobart v. City of Stafford*, No. 4:09-CV-3332, 2015 U.S. Dist. LEXIS 47953, at *37-39 (S.D. Tex. Apr. 13, 2015), and based on the complete failure to implement policies and training forbidding discrimination against transgender inmates. *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002); *Gibson v. City of Chicago*, 910 F.2d 1510, 1521-22 (7th Cir. 1990); *Vineyard v. Cty. of Murray*, 990 F.2d 1207, 1212 (11th Cir. 1993); *DiLoreto v. Oaklyn*, 744 F. Supp. 610, 623-24 (D.N.J. 1990); *Timberlake v. Benton*, 786 F. Supp. 676, 696 (M.D. Tenn. 1992). Given that the motion to dismiss on which it is premised has a minimal chance of succeeding, the motion for stay must be denied.

4. **CONCLUSION**

Defendants' Motion For Stay Of Discovery, [Doc. #36], should be denied.

DATED this 3rd day of October 2022.

                                                        KILLMER, LANE & NEWMAN, LLP

                                                       *s/ Andy McNulty*
                                                       _____

Mari Newman  
Andy McNulty  
1543 Champa Street, Suite 400  
Denver, Colorado 80202  
mnewman@kln-law.com  
amcnulty@kln-law.com  

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 3, 2022, I electronically filed the foregoing **RESPONSE TO MOTION TO STAY DISCOVERY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nathan J. Whitney
Steven Martyn
County Attorney's Office
El Paso County
nathanwhitney@elpasoco.com
smartyn@elpasoco.com

*Counsel for Defendants*

                KILLMER, LANE & NEWMAN, LLP

                *s/ Andy McNulty*
                _____
                Andy McNulty