IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01387–WJM–MDB

JUNIPER MCGINN,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO,
SHERIFF BILL ELDER, in his individual and official capacities,
BRITTANY STUBBS, in her individual capacity,
CHRISTOPHER CABLE, in his individual capacity,
LARRY THURMAN, in his individual capacity,
LORALEE SALAZAR, in her individual capacity, and
VITA BARNES, in her individual capacity,

    Defendants.

## ORDER

This matter comes before the Court on Defendants El Paso County, Colorado ["the County"], Bill Elder, Brittany Stubbs, Christopher Cable, Larry Thurman, Loralee Salazar, and Vita Barnes' [collectively "Individual County Defendants"; all collectively "Defendants"], Motion to Stay Discovery. (["Motion to Stay"], Doc. No. 36.) Plaintiff has filed a Response (Doc. No. 38), and Defendants have replied. (Doc. No. 43.) Having reviewed the Motion and associated briefing, the applicable case law, and being otherwise advised in its premise, the Court DENIES the Motion to Stay.

## BACKGROUND

Plaintiff brings this action for alleged violations of her federal constitutional rights, her rights under the Americans with Disabilities Act ["ADA"], and her rights under the Rehabilitation Act of 1973 ["Rehab Act"]. (Doc. No. 30 at 13–26.) Plaintiff, who has been diagnosed with Gender Dysphoria, alleges that after being arrested while participating in a Black Lives Matter protest in June 2020, she was subject to humiliating treatment at the County's jail.[1] (*Id.* at 1–2.) Plaintiff asserts claims against the Individual County Defendants pursuant to 42 U.S.C. § 1983 for (1) a violation of Equal Protection under the Fourteenth Amendment, (2) Unreasonable Search under the Fourth and Fourteenth Amendments, and (3) Invasion of Bodily Privacy and Integrity under the Fourteenth Amendment. (Doc. No. 30 at 13–19.) She further asserts connected municipal liability claims under § 1983, a Disability Discrimination claim pursuant to the Americans with Disabilities Act, and Disability Discrimination pursuant to the Rehabilitation Act of 1973 against the County. (*Id.* at 13–26.)

Plaintiff initiated this action by filing a Complaint on June 1, 2022. (Doc. No. 1.) She later filed an Amended Complaint on August 12, 2022 (Doc. No. 19). Defendants filed a motion to dismiss the Amended Complaint on September 9, 2022. (Doc. No. 26.) Plaintiff was subsequently granted leave to file a Second Amended Complaint, which she did on September 13, 2022. (Doc. No. 30.) The Second Amended Complaint identifies Defendants Stubbs, Cable, Thurman, Salazar, and Barnes, who were previously labeled as Doe defendants. (*Id.*) After reviewing the Second Amended Complaint, the Honorable William J. Martinez determined that the new Complaint did not render the motion to dismiss moot. (Doc. No. 32.) Defendants subsequently sought leave to file a "supplemental motion to dismiss" in light of the newly

---

[1] Plaintiff specifically alleges that she was subject to a visual body-cavity search by a male deputy while being watched and laughed at by other deputies. (Doc. No. 30 at 1–2.)

identified defendants. (Doc. No. 33.) The Court initially granted this; however, Judge Martinez subsequently directed Defendants to file a consolidated motion to dismiss.[2] (Doc. No. 46.) Defendants filed their consolidated motion to dismiss on November 11, 2022. (Doc. No. 49.)

The Motion to Stay, joined by all Defendants, seeks to pause all discovery until the motion to dismiss is ruled upon. (Doc. No. 36.) Discovery is currently set to conclude on March 15, 2022. (Doc. No. 25.) Defendants argue that "[t]he tenants of qualified immunity and the balance of the *String Cheese* factors favor staying discovery." (Doc. No. 36.) On the other hand, Plaintiff contends that a stay of discovery would "deprive [her] of her ability to effectively vindicate her Constitutional and statutory rights before memories fade, witnesses scatter, and documents are lost." (Doc. No. 38.)

## LEGAL STANDARD

Whether to stay discovery during a proceeding is left to the trial court's discretion. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In this judicial district, however, discovery stays are an exception rather than the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Even in cases where defendants raise a qualified immunity defense, courts within the District of Colorado generally disfavor a stay of all discovery. *See, e.g.*, *Estate of Ronquillo*

---

[2] Before filing the consolidated motion to dismiss, the parties agreed to the dismissal with prejudice of Plaintiff's claims for Negligent Operation of a Correctional Facility and for Outrageous Conduct. (Doc. No. 47.)

*v. City & Cnty. of Denver*, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016) ("[Q]ualified immunity does not protect an official from all discovery, but only from that which is 'broad-reaching.'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593, n.14 (1998) (emphasis in original)); *Wanstall v. Armijo*, 2014 WL 4636457, at *3 (D. Colo. Sept. 16, 2014) ("[A] qualified immunity defense does not automatically bar all discovery.").

Upon a showing of good cause, a stay of discovery is appropriate to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). When considering a stay of discovery, Courts in this district generally consider the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

## ANALYSIS

Defendants argue that the Court should stay all discovery because the Individual County Defendants have asserted qualified immunity defenses to suit, and the *String Cheese* factors weigh in favor of staying discovery until the Court rules on their motion to dismiss. (Doc. No. 36 at 3–5.)

### I.     Qualified Immunity Defense as the Basis for a Stay

Under 42 U.S.C. § 1983, "an injured person [may] seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Estate of Booker*

4

*v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (quoting *Cillo v. City of Greenwood Village*, 739 F.3d 451, 459 (10th Cir. 2013)). In response to a § 1983 suit, an individual defendant may assert a qualified immunity defense. Qualified immunity "shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). A successful qualified immunity defense provides "immunity from suit rather than a mere defense to liability." *Martin v. County of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). Immunity from suit can include avoiding "pretrial matters [such] as discovery." *Id.* However, "asserting a qualified immunity defense is not necessarily "a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, the Court may consider certain relevant factors in determining whether to grant a stay of discovery based on qualified immunity.

Relevant here is that a successful qualified immunity defense would not be dispositive of all claims in the proceeding. As Plaintiff notes, the County cannot invoke qualified immunity on the claims brought against it. (Doc. No. 38 at 1); *see Rome*, 225 F.R.D. at 643 ("The [qualified immunity] defense is available only to individual government officials, not government entities."). And critically, the claims subject to the qualified immunity defense—the §1983 claims brought against the Individual County Defendants—and the claims not applicable to the defense—the claims brought against the County—all arise out of a common core of operative facts. In other words, even if the Court issued a blanket stay and the individual § 1983 claims were eventually dismissed by the Court on qualified immunity grounds, substantially similar discovery still may have to take place. *See Kaufman v. University of Colorado*, 15–cv–00406–

5

LTB–NYW, 2015 WL 4748987 (D. Colo. Aug. 12, 2015) (rejecting a partial stay of discovery because the § 1983 claims brought shared a "common core of facts" with other claims and finding the defendants had failed to make the "requisite showing that this court should depart from the District's general disfavor of a stay of all discovery"); *Estate of Melvin by and Through Melvin v. City of Colorado Springs, Colorado*, 20–cv–00991–CMA–MDB, 2022 WL 3975033, at *2 (D. Colo. Sept. 1, 2022) ("[T]he Officer Defendants' invocation of qualified immunity, in and of itself, does not warrant a [blanket] stay of discovery."). *Cf. Lopez v. Gonzales*, No. 18–cv–03233–MEH, 2020 WL 417590, at *1–2 (D. Colo. Jan. 27, 2020) (granting a motion to stay discovery in part because the pending qualified immunity defense "if granted, could fully dispose of" the case and writing that "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case" (citation omitted)).

Even if the Court issued a partial stay only in connection with the § 1983 claims against the Individual County Defendants, the common core of operative facts between those claims and the claims on which discovery would continue would still necessitate the involvement of the Individual County Defendants in discovery—undercutting part of the rationale for a stay in the first place. *See Love v. Grashorn,* No. 21–cv–02502–RM–NRN, 2022 WL 1642496, at *5 (D. Colo. May 24, 2022) ("It makes no sense to have the Individual Defendants be deposed as witnesses now, only to be re-deposed as parties later in the event their qualified immunity defenses are unsuccessful.").

For these reasons, the Court declines to stay discovery based on the invocation of qualified immunity alone. Next, the Court considers whether a stay is warranted based on the *String Cheese* balancing test factors.

## II. The *String Cheese* Factors

### A. Plaintiff's Interest

Plaintiff has a strong interest in proceeding expeditiously with this case. *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016) ("[A] private citizen is entitled to claim the timely protection of the law."). While it's true that "virtually all plaintiffs" have a "general" interest in proceeding quickly, here, this interest appears particularly pressing. *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2021 WL 1801981, at *2 (D. Colo. May 17, 2012). The allegations brought by Plaintiff appear heavily reliant on witness testimony regarding the events in question. Because the case concerns events over two years old, and because the memories of parties and witnesses are likely to fade—or otherwise be unavailable— the longer time passes, Plaintiff is understandably concerned about her ability to collect accurate discovery if this case is delayed. This factor weighs against granting the Motion. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months").

### B. The Burden on Defendants

Defendants contend that this factor significantly favors a stay because, without one, the Individual County Defendants would be "effectively rob[bed of] their qualified immunity defenses." (Doc. No. 43 at 5 (quoting *Estate of Burnett v. City of Colorado Springs*, No. 21-cv-01708-WJM-KMT, 2022 WL 218630, at *3 (D. Colo. Jan. 25, 2022).) However, the Court has analyzed Defendants' argument for a qualified immunity-based stay and is unpersuaded. *See*

7

*supra* at 4–6. Moreover, Defendants have not identified any other burden that a denial of the Motion to Stay would create. This factor is neutral.

### C. The Court's Convenience

The District's general rule to avoid discovery stays while a dispositive motion is pending recognizes that there are "burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed." *Sutton v. Everest Nat'l Ins. Co.*, 07-cv-00425-WYD-BNB, 2007 WL 1395309 at *2 (D. Colo. May 9, 2007). While every motion to stay comes with different considerations, stays—and the delay that comes with them—are usually not convenient. *See Patterson v. Santini*, 11-cv-01899-RM-KLM, 2014 WL 349085 at *3 (D. Colo. Jan. 31, 2014) ("It is not convenient for the Court to have stale cases cluttering its docket."). "The [c]ourt is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from the imposition of a stay makes the Court's docket less predictable and, hence, less manageable." *Lester v. Gene Express, Inc.*, 09-cv-02648-REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010) (adding that this is particularly the case when "the stay is tied to…pending motion on which ultimate success is not guaranteed"). This factor weighs against a stay of discovery.

### D. Interest of Non-Parties

This factor is neutral as neither party has identified specific non-parties who may be affected by a stay.

### E. Public Interest

Finally, the public interest tends to cut against a stay. While the public indeed has an interest in "avoiding wasteful efforts by the court and the litigants," it also has an interest in

8

moving matters forward and a more substantial interest in learning about the policies and practices of the El Paso County Jail to ensure it is "operating within the bounds of the law." *Est. of Burnett*, 2022 WL 21860, at *3 (D. Colo. Jan. 25, 2022); *Morgan v. Clements*, 12-cv-00936-REB-KMT, 2013 WL 950876, at *5 (D. Colo. Mar. 12, 2013). "It may be that Defendants' conduct will pass constitutional muster, in which case the public is better served by knowing that … as fairly determined by the judicial process, sooner rather than later." *Love*, 2022 WL 1642496 at *6. *See A.A. v. Martinez*, 2012 WL 2872045, at *14 (D. Colo. July 12, 2012) ("[T]he public interest is well-served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials.").

In sum, the Court finds that neither Defendants' qualified immunity argument nor the *String Cheese* factors demonstrate that a stay of discovery is warranted. Accordingly, Defendants' Motion to Stay Discovery (Doc. No. 36.) is **DENIED**.

Dated this 14th day of November, 2022.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge