IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01387-WJM-MDB

JUNIPER MCGINN,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO,
SHERIFF BILL ELDER, in his individual and official capacities,
BRITTANY STUBBS, in her individual capacity,
CHRISTOPHER CABLE, in his individual capacity,
LARRY THURMAN, in his individual capacity,
LORALEE SALAZAR, in her individual capacity,
VITA BARNES, in her individual capacity,

    Defendants.

---

## OBJECTION TO MAGISTRATE'S ORDER DENYING THE MOTION TO STAY (ECF 50)

---

Defendants El Paso County, Colorado; Sheriff Bill Elder; Brittany Stubbs; Christopher Cable; Larry Thurman; Loralee Salazar; and Vita Barnes (collectively "the County Defendants"), by and through their counsel, the County Attorney's Office of El Paso County, Colorado, submit this Objection to Magistrate's Order Denying the Motion to Stay (ECF 50) ("Order")[1] as follows:

---

[1] The County Defendants' Motion to Stay Discovery (ECF 36) was referred to the Magistrate Judge by minute order dated October 3, 2022. (*See* ECF 37.)

## **CONFERRAL**

Although the County Defendants do not believe conferral is required before filing an objection, the parties nevertheless conferred about the relief requested herein. Plaintiff opposes this objection.

## I.      INTRODUCTION

This case and *Darlene Griffith v. El Paso County, et al.*, 21-cv-00387-CMA-NRN (the "Griffith Case") are alike. Both cases center on the treatment of transgender detainees at the El Paso County Criminal Justice Center. Both cases involve similar claims under 42 U.S.C. § 1983. Both cases name Sheriff Elder as a defendant. Both cases involve similar motions to dismiss and motions to stay discovery. Even the attorneys in both cases are largely the same. The orders resolving the motions to stay discovery, however, are starkly different.

Magistrate Judge Neureiter issued a complete stay of discovery in the Griffith Case on November 2, 2022. He relied, in part, on Supreme Court and Tenth Circuit precedent providing that "evaluating the defense of qualified immunity is a threshold issue, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.'" **Exhibit A**, p. 3 (*citing Siegert v. Gilley*, 500 U.S. 226, 233 (1991), *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)). Magistrate Judge Neureiter's holding is consistent with the Supreme Court's ruling in *Ashcroft v. Iqbal*, which explained that

> [t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery… [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for the other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.

556 U.S. 662, 685-86 (2009) (quotation and citation omitted); *see also Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("[T]he Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'") (citation omitted).

In contrast, Magistrate Judge Dominguez Braswell denied the motion to stay discovery in this case. Order, ECF 50 ("the Order"). She found that staying discovery was inappropriate because "a successful qualified immunity defense would not be dispositive of all claims," and because the factors described in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished), did not favor a stay. ECF 50, pp. 5-9.

The County Defendants respectfully contend that the Order is clearly erroneous and contrary to law. The Order avoids *Ashcroft v. Iqbal* and other precedent showing a complete stay of discovery is appropriate. The Order also denies a stay because the individual § 1983 claims (which are subject to a qualified immunity defense) share a common core of operative facts with Plaintiff's *Monell* claims and other entity claims (which are not subject to a qualified immunity defense). As explained below, this factor favors a complete stay of discovery because the Motion to Dismiss seeks to resolve this case in its entirety. Finally, the Order's application of the *String Cheese* factors is clearly erroneous and contrary to law. Accordingly, this Court should set aside the Order and issue a complete stay of discovery pending a ruling on the Motion to Dismiss.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) provides that,

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections

   and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*See also* 28 U.S.C 636(b)(1)(A). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993). "The clearly erroneous standard ... requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Review under the "clearly erroneous" standard is "significantly deferential." *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir. 2002) (quotation omitted).

### III. ARGUMENT

**A. The Order Relied On Outdated Cases Predating *Ashcroft v. Iqbal***

  The Order is clearly erroneous and contrary to law because it avoids Supreme Court and Tenth Circuit precedent favoring a complete stay of discovery and instead relies on outdated decisions from this Court. The County Defendants respectfully ask the Court to vacate the Order and issue a complete stay of discovery.

  The Order denied a stay of discovery, in part, because a successful qualified immunity defense would not resolve all the claims in this case. ECF 50, p. 6. The Order relied on *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004) and its progeny, including *Kaufman v. Univ. of Colorado*, 2015 WL 4748987 (D. Colo. Aug. 12, 2015) (unpublished). But the *Rome* line of cases is antiquated. As Chief Judge Brimmer noted just last year, "both cases pre-date the Supreme Court's decision in *Ashcroft v. Iqbal*…." *Cook v. Whyde*, 2021 WL 981308, at *2 (D. Colo. Mar. 15, 2021)

(unpublished). He also highlighted Magistrate Judge Varholak's observation "that nearly all of the recent cases on this issue have held that discovery should be stayed for all defendants when the defense of qualified immunity has been pled, even if the defense is only available to some defendants, as here." *Id*. at *1. Indeed, this Court has regularly ordered a complete stay of discovery in cases where only some claims are subject to a qualified immunity defense. *See, e.g.*, *Plutt v. Armor Correctional Health Services, Inc.* 21-cv-02969-PAB-STV (D. Colo. Mar. 31, 2022) (Doc. 65); *Estate of Thakuri v. City of Westminster*, 2019 WL 6828306, at *4 (D. Colo., Dec. 12, 2019); *Chapman v. Federal Bureau of Prisons*, 2015 WL 4574863, at **2-4 (D. Colo. July 30, 2015). In short, the Order is at odds with *Ashcroft v. Iqbal* and should be vacated.

Additionally, the Order is clearly erroneous and contrary to law due to its practical implications. The Order denied a stay of discovery because the individual and *Monell* claims in this case "arise out of a common core of operative facts," and discovery might eventually occur even if some claims are dismissed. *See* ECF 50, p. 5. This rationale would effectively moot any qualified immunity defense in cases involving both individual and *Monell* claims, which necessarily share a common core of operative facts. It also runs contrary to *Ashcroft v. Iqbal*. And it is drawn from *Kaufman*, which is part of the outmoded line of *Rome* cases discussed above. *See* ECF 50, pp. 5-6; *Kaufman*, 2015 WL 4748987, at *2 (citing *Rome*, 225 F.R.D. at 643).

Finally, the Order refused to stay discovery because "a successful qualified immunity defense would not be dispositive of all claims in the proceeding." ECF 50, p. 5. This overlooks the fact that the County Defendants' Motion to Dismiss seeks to dismiss this case in its entirety. Staying discovery while a dispositive motion is pending "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial

resources." *Harris v. City & Cnty. of Denver*, 2019 WL 2491647, at *2 (D. Colo. June 14, 2019) (unpublished) (quotation and citation omitted); *see Namoko v. Milgard Mfg., Inc.*, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007) (unpublished) (staying discovery in a case that did not involve the assertion of qualified immunity where the "resolution of a preliminary motion may dispose of the entire action.") (internal citations and quotations omitted); *Carroll v. Jefferson Cnty. Sheriff's Office*, 2019 WL 13045022, at *1 (D. Colo. Oct. 8, 2019) (unpublished) (acknowledging "the efficiency and fairness of delaying the proceedings…pending resolution of a motion to dismiss that could resolve matters as to each of the Defendants in their entirety."). The Court should thus vacate the Order.

### B. The *String Cheese* Factors Favor a Stay

The Order's application of the five *String Cheese* factors is also clearly erroneous and contrary to law. The Order found that the second factor (the burden on the County Defendants) is neutral. ECF 50, pp. 7-8. This conclusion is clearly erroneous and contrary to law. The individual County Defendants will be burdened absent a complete stay of discovery because they will be deprived of the benefit of qualified immunity as discussed in *Ashcroft* and instead subjected to discovery based on the outdated *Rome* line of cases. The Order's application of the third factor (convenience to the Court) is also clearly erroneous and contrary to law because "neither the Court's nor the parties' time is well-served by being involved in the struggle over the substance of the suit when, as here, a dispositive motion is pending." *Carroll*, 2019 WL 13045022, at *1 (quotation, citation, and alteration omitted). And the fifth *String Cheese* factor (the public interest) supports a stay because it will conserve public, private, and judicial resources while the Court resolves preliminary dispositive issues. *See Estate of Thakuri*, 2019 WL 6828306, at *3. The

Order's application of the *String Cheese* factors is clearly erroneous and contrary to law, and should be vacated.

## IV.    CONCLUSION

Supreme Court and Tenth Circuit precedent supports a stay of all discovery in this case. So does the balance of the *String Cheese* factors. Indeed, Magistrate Judge Neureiter stayed all discovery in the Griffith case, which is strikingly similar to the case at bar. The County Defendants respectfully ask the Court to set aside the Order and enter a complete stay of discovery for the reasons set forth here, in their Motion to Stay Discovery (ECF 36), and in their Reply (ECF 43). [2]

Respectfully submitted this 28th day of November, 2022.

By: s/ *Nathan J. Whitney*
Nathan J. Whitney, #39002
First Assistant County Attorney
Bryan E. Schmid, #41873
Senior Assistant County Attorney
Steven W. Martyn, #47429
Assistant County Attorney
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
(719) 520-6485 (Main Office Line)
Email: nathanwhitney@elpasoco.com;
bryanschmid@elpasoco.com;
stevenmartyn@elpasoco.com

*Attorneys for Defendants*

---

[2] Per Section III.I of this Court's Practice Standards, the County Defendants will not be entitled to file a reply to this Objection.

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve a copy on all CM/ECF participants, as follows:

Andy McNulty
Mari Newman
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001
amcnulty@kln-law.com
mnewman@kln-law.com

                                                s/ *April Willie*
                                                Paralegal